| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ERIC BRIAN THOMAS, | Case No. 1:16-cv-01044-EPG |
| Plaintiff, | FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This matter is before the Court on the Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit.

The court, having reviewed the record, administrative transcript, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows:

At step two of the five-step sequential disability analysis, the Administrative Law Judge ("ALJ") found severe impairments, including degenerative disc disease of the lumbar spine, degenerative joint disease involving both knees, amputated left index finger, and post-traumatic stress disorder. AR 14. The ALJ formulated a residual functioning capacity ("RFC") assessment finding physical and mental limitations. AR 16-17. The incorporated mental limitations were as follows: "He can perform simple routine tasks, maintain concentration and attention in 2 hour increments, sustain an 8-hour day and 40-hour work schedule, relate to and accept direction from supervisors, and remain socially appropriate with co-workers and the public." *Id*. At step four, the ALJ determined that Plaintiff could perform his past work of a flagger, and therefore, Plaintiff was not disabled. AR 20.

In formulating the RFC, ALJ gave "great weight" to the medical opinions of State Agency psychiatric consultant, P.M. Balson, M.D., and State Agency consultant, Judy K. Martin, M.D.

AR 19. These doctors opined that Plaintiff would be limited to jobs with one to two-step instructions. AR 142 (providing that Plaintiff would be able to "understand and remember work locations and procedures or a simple, routine nature involving 1-2 step job tasks and instructions"), AR 181 (same). However, the ALJ did not incorporate the limitation regarding one to two-step job tasks. Instead, the ALJ used a less restrictive limitation that Plaintiff would be limited to "simple routine tasks." AR 16. Plaintiff argues this was error.

"Residual functional capacity is an administrative finding reserved to the Commissioner." *Lynch Guzman v. Astrue*, 365 F. App'x 869, 870 (9th Cir. 2010) (citing 20 C.F.R. § 404.1527(e)(2)). The ALJ's RFC determination should be affirmed "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (providing that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and the ALJ's decision should be upheld "[w]here evidence is susceptible to more than one rational interpretation," *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005)). "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1991)).

The ALJ's RFC finding was supported by substantial evidence. In formulating his RFC, the ALJ also gave great weight to and discussed the medical opinion of consultative psychologist Steven C. Swanson, Ph.D. AR 19. Dr. Swanson opined that Plaintiff would have the ability to understand, carry out, and remember simple instructions but did not limit Plaintiff to one to two-step job tasks. AR 1116. The relevant testimony also supported the RFC. Plaintiff testified that his main work-related limitations were physical in nature, rather than mental. AR 43.

While error can be found in the ALJ's decision not to separately address limitations resulting from Plaintiff's obesity, the omission was harmless as there was no evidence in the record that the obesity caused more significant limitations than those adopted by the ALJ and implemented into the RFC finding.

Accordingly, for the reasons announced by the Court on the record at the conclusion of the parties' oral argument on October 30, 2017, the court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**November 13, 2017**__   /s/ Eric P. Groj

UNITED STATES MAGISTRATE JUDGE